John Fischer et al., Appellees, v. Edward B. Haxtun
et al., Appellants.

Gen. No. 6,509.    (Not to be reported in full.)

Appeal from the Circuit Court of Henry county; the, Hon. EMERY
C. GRAVES, Judge, presiding. Heard in this court at the October
term, 1917. Affirmed. Opinion filed April 9, 1918.

## Statement of the Case.

Bill by John Fischer, trustee under a trust deed, and
George M. Strong, executor of the will of Sarah A.
Haxtun, the deceased holder of the note secured by
the trust deed, complainants, against Edward B. Hax-
tun and Gertrude Haxtun, defendants, to enforce pay-
ment of the note by foreclosure of the trust deed.
From a decree of foreclosure, defendants appeal.

THOMAS J. WELCH and NELS F. ANDERSON, for appel-
lants.

JAMES K. BLISH, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the
court.

## Abstract of the Decision.

1. ALTERATION OF INSTRUMENTS, § 2*—*what does not constitute
material alteration of note.* The writing, after execution of a note,
by the holder, the mother of the maker, underneath the note in the
blank space below the signature of the maker of the words, "To
be cancelled at my death," and followed by the signature of the
holder, constitutes a mere memorandum, and not a material altera-
tion of the note.

2. WITNESSES, § 122*—*when executor is competent to testify in
suit against heir.* An executor of an estate is competent to testify
in a suit against an heir to enforce a personal liability to the estate
under a note secured by a trust deed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

Fischer v. Haxtun, 210 Ill. App. 506.

3. DEPOSITIONS—*when part of record in chancery case.* Depositions, when regularly taken, filed and opened, are a part of the record in a chancery case.

4. DEPOSITIONS, § 43*—*when lack of opportunity to object to evidence in is harmless error.* The fact that depositions are not formally offered as evidence before a master in chancery and that the adverse parties have no opportunity to object to the evidence in the depositions is immaterial, where the witnesses were competent and their evidence did not relate to anything materially affecting the controverted questions in the case.

5. WITNESSES, § 106*—*when husband and wife incompetent to testify in suit to foreclose trust deed by executor of holder of note.* A husband and wife who sign a trust deed are incompetent witnesses in a suit by the trustee and by the executor of the estate of the deceased holder of a note secured by the trust deed to enforce payment of the note by foreclosure of the trust deed, under Hurd's Rev. St. ch. 51, sec. 2 (J. & A. ¶ 5519), providing that no party to any civil action, suit or proceeding shall be allowed to testify therein of his own motion, or in his own behalf, when any adverse party sues or defends as the executor of any deceased person.

6. WITNESSES, § 106*—*what is effect of conveyance of property by husband to wife on incompetency to testify in suit to foreclose trust deed by executor of holder of note.* The fact that, during pendency of proceedings for the enforcement by foreclosure of the liability of a husband and wife on a note secured by trust deed by the executor of the estate of the holder, the husband conveys the mortgaged property to his wife, does not remove the bar as to incompetency of both to testify under Hurd's Rev. St. ch. 51 sec. 2 (J. & A. ¶ 5519), providing that no party to any civil action, suit or proceeding shall be allowed to testify therein of his own motion, or in his own behalf, when the adverse party sues or defends as the executor of any deceased person.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.